UNITED STATES ex rel. TREMAINE v. COMMISSIONER OF IMMIGRATION et al.

(District Court, S. D. New York. October 17, 1913.)

**1.** ALIENS (§ 54*)—EXCLUSION—POWERS OF SECRETARY OF LABOR.

The Secretary of Labor is not concluded by a ruling in favor of the admission of an alien immigrant, but may reverse such ruling.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

**2.** ALIENS (§ 49*)—EXCLUSION—DISCRETION OF SECRETARY OF LABOR.

The Secretary of Labor may in his discretion order the deportation of an alien immigrant who is under 16 years of age, an orphan, and without money.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 107; Dec. Dig. § 49.*]

Habeas Corpus. Suit by the United States, on relation of Dorothy Tremaine, against the Comissioner of Immigration at New York and the Secretary of Labor. Petition denied.

Charles E. Thorn, of New York City, for petitioner.
H. Snowden Marshall, U. S. Atty., of New York City.

WARD, Circuit Judge. The relator is an orphan child under 16 years of age, coming to this country, of course, unaccompanied by either parent. September 29, 1913, the board of inspection ordered her to be deported as a person liable to become a public charge. October 3d, a rehearing having been granted by the acting commissioner, the board reaffirmed its original order. October 7th, on appeal, the Secretary of Labor directed the landing of the relator, upon Dr. and Mrs. Clark giving bond in the sum of $500 conditioned to adopt the child or to return her to England within one year, and that she should not become a public charge and should be kept in school in the meantime. The bond was given and accepted by the immigration authorities. October 11, 1913, the Secretary of Labor changed his mind, affirmed the order of the board, and directed the relator to be deported.

[1, 2] I cannot agree with the relator's counsel that the original order of the Secretary of Labor, which has been carried out, creates any estoppel or prevents the Secretary from changing his mind. This leaves only the question whether there was any evidence to support the finding of the board that the relator is likely to become a public charge. The fact that she is an infant and without money does tend

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to support that charge, and it makes no difference whether I agree with the conclusion of the board or not. Furthermore, being under the age of 16 years and unaccompanied by either parent, it is at the discretion of the Secretary of Labor to order the relator to be deported, which he has done.

The petition for the writ is denied, and the relator remanded.